Anna Y. Park, SBN 164242
Michael J. Farrell, SBN 266553
Peter F. Laura, SBN 116426
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1080
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CENTRAL CALIFORNIA FOUNDATION FOR HEALTH d/b/a DELANO REGIONAL MEDICAL CENTER; AND DELANO HEALTH ASSOCIATES, INC.<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>National Origin Discrimination<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

1.　This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin (Filipino), and to provide appropriate relief to Rebecca Aguinaldo, Pacita Agustin, Maria Busto, Herminia Carino, Nora Casimiro, Hilda

Ducusin, Consolacion Galafate, Luz Gallegos, Wilma Lamug, Vemlis Pagsuberon, Priscilla Penalosa, Federico Quiniones, Sixto Ramos, Vilma Tutop, Romeo Villamor, Ferdinand Baraceros, Ednalyn Arciaga, Sol Manaois, Maribelle Manankil, Evangeline Picato, Arsenia Ringor, Michelle Cabbab, Angelita Baligad, Patricia Serafica, Erli nda Camtuya, To masa Gumallaoi, Ma nuela Aninion, Anafe Escorpiso, Elnora Cayme, Charito Bilog, Elizabeth Batchar, Joselito Munoz, Belen Cabbab, and Calixto Lamugand, (herein after referred to as the "Charging Parties") and a class of similarly situated individuals, who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 12 and 13 below, Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendants unlawfully discriminated against the Charging Parties and a class of similarly situated individuals when Defendants subjected them to disparate treatment with respect to the terms, conditions, and privileges of their employment because of their Filipino national origin. Moreover, Plaintiff also alleges that Defendants subjected the Charging Parties and a class of similarly situated individuals to unlawful harassment based on their Filipino national origin which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.   The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

4.     Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.     At all relevant times, Defendant Central California Foundation for Health ("CCFH") d/b/a Delano Regional Medical Center, ("DRMC") has continuously been a California corporation doing business in the State of California and the County of Kern and has continuously had at least 15 employees.

6.     At all relevant times, Defendant CCFH has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.     At all relevant times, Defendant Delano Health Associates, Inc. ("DHA") has continuously been a California corporation doing business in the State of California and the County of Kern and has continuously had at least 15 employees.

8.     At all relevant times, Defendant DHA has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9.     Upon information and belief Defendants CCFH and DHA (collectively referred to herein as "Defendant Employers") have individually and collectively done business and are and have been joint employers of the Charging Parties and a class of similarly situated individuals.

10.    All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency

and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

11.   More than thirty days prior to the institution of this lawsuit, the Charging Parties filed charges with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

12.   Since at least August 2006, Defendant Employers have engaged in unlawful employment practices at their Delano California location in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by subjecting the Charging Parties and a class of similarly situated individuals to disparate treatment in the terms, conditions and privileges of their employment based on their Filipino national origin.

   a. Defendant Employers targeted and singled out their Filipino employees for the application and enforcement of its language policy.

   b. Defendant Employers subjected their Filipino employees to a humiliating meeting wherein they were berated, intimidated and threatened. Defendant Employers subjected the Charging Parties and similarly situated Filipino employees to heightened scrutiny, threats of surveillance equipment in the workplace, warnings of severe disciplinary actions and, in some cases, actual disciplinary measures.

   c. Defendant Employers did not target the non-Filipino employees for such strict enforcement of its language policy, nor did it subject its non-Filipino

employees to the same meeting, heightened scrutiny, threats, warnings and disciplinary actions to which it subjected the Filipino employees.

13. Since at least August 2006, Defendant Employers have also engaged in unlawful employment practices at their Delano California location in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by subjecting the Charging Parties and a class of similarly situated individuals to harassment because of their Filipino national origin.

   a. The Charging Parties and similarly situated Filipino employees were subjected to unwelcome taunting, hostile remarks, humiliating comments, warnings and chastising by co-workers and supervisors because of their national origin.

   b. The harassment toward the Charging Parties and similarly situated Filipino employees was sufficiently frequent and severe to adversely affect the terms and conditions of their employment and to create an atmosphere of inferiority, isolation and intimidation based on national origin.

14. The effect of the practices complained of in Paragraphs 12 and 13 above has been to deprive the Charging Parties and a class of similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their national origin.

15. The unlawful employment practices complained of in Paragraphs 12 and 13 above were and are intentional.

16. The unlawful employment practices complained of in Paragraphs 12 and 13 above were and are done with malice or with reckless indifference to the federally protected rights of the Charging Parties and a class of similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

1    A.   Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disparate treatment of Filipino individuals and any other employment practice which discriminates on the basis of national origin.

B.   Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for Filipinos, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employers to make whole the Charging Parties and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 and 13 above in amounts to be determined at trial.

D.   Order Defendant Employers to make whole the Charging Parties and a class of similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 12 and 13 above, including emotional pain, frustration, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.   Order Defendant Employers to pay the Charging Parties and a class of similarly situated individuals punitive damages for their malicious and reckless conduct described in Paragraphs 12 and 13 above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

///
///
///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 18, 2010                    Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____
ANNA Y. PARK
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION