IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL CALIFORNIA FOUNDATION FOR HEALTH, d/b/a DELANO REGIONAL MEDICAL CENTER; and DELANO HEATH ASSOCIATES, INC.,<br><br>　　　　　　Defendants. | Case No.: 1:10-cv-01492 LJO JLT<br><br>ORDER GRANTING MOTION FOR LEAVE TO INTERVENE<br><br>(Doc. 10) |

　　The matter now before the court is a motion to intervene filed on December 7, 2010. (Doc. 10). Intervenors[1] seek to intervene as plaintiffs in the action filed by the Equal Employment Opportunity Commission ("EEOC") against Central California Foundation for Heath, doing business as Delano Regional Medical Center, and Delano Health Associates, Inc., (collectively, "Defendants").

---

[1] "Intervenors" include: Douglas Abdon, David Agbayani, Manuela Aninion, Pacita Agustin, Melchor Apostol, Angelita Baligad, Nena Ballesteros, Ferdinand Baraceros, Charito Bilog, Maria Busto, Belen Cabbab, Michelle Cabbab, Fely Cacal, Normi Cacal, Erlinda Camotuya, Esther Casabar, Nora Casimiro, Elnora Cayme, Gina Correa, Armeliza Dela Cruz, Ester Delos Santos, Hilda Ducusin, Aida Estrella, Florentina Failano, Eduardo Frial, Consolacion Galafte, Jovena Gallegos, Luz Gallegos, Tomasa Gumallaoi, Melinda Intoc, Calixto Lamug, Wilma Lamug, Anielyn Manalastas, Rome Manalastas, Maribelle Manankil, Sol Manaois, Elizabeth Matias, Cristina Nelmida, Nelson Nisperos, Venus Pagsuberon, Priscilla Penalosa, Jose Pira, Federico Quiniones, Nannette Quino, Teresita Rafanan, Melanie Refuerzo, Marilou Riola, Maria Teresa Solano, Necita Tabajonda, Myrna Torres, Elena Villamor, and Romeo Villamor. (Doc. 10).

1

The Court has reviewed Intervenors' motion and supporting documents, and determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons discussed below, the motion to intervene is **GRANTED**.

## I. Background

On August 18, 2010, the EEOC filed a complaint against Defendants, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and unlawful employment practices. (Doc. 1 at 4). Defendants filed their answer on September 15, 2010. (Doc. 5). Within its Scheduling Order, the Court set a deadline for complaints in intervention to be filed by July 29, 2011. (Doc. 9 at 1).

Intervenors filed the present motion on December 7, 2010. (Doc. 10). The EEOC filed a statement of non-opposition to the present motion on December 7, 2010. (Doc. 11). In addition, Defendants filed a statement of non-opposition on January 10, 2011. (Doc. 13).

## II. Intervention

Parties may intervene in a lawsuit as a matter of right or with the permission of the Court. Fed. R. Civ. P. 24. Generally, the Ninth Circuit applies a four-part test in evaluating a motion for intervention as matter of right pursuant to Federal Rule of Civil Procedure 24(a), and an applicant must demonstrate: (1) the application for intervention is timely; (2) the applicant possesses a "significantly protectable" interest in the subject matter of the action; (3) without intervention the action may impair or impede the applicant's ability to protect that interest; and (4) the interest is inadequately represented by the existing parties. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). The burden is on the party seeking intervention to demonstrate that each of the elements is met before a court may grant the right to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *see also NAACP v. New York*, 413 U.S. 345, 369 (1973) (all requirements must be met before an intervention of right is permitted).

The test is applied liberally in favor of the applicant seeking intervention. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 195). A court's analysis "is guided primarily by practical considerations, not technical distinctions." *Southwest Ctr.*, 131 F.3d at 818 (internal quotation marks omitted). "Courts are to take all well-pleaded, nonconclusory allegations in the

motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Id.* at 819-20.

### III.   Discussion and Analysis

Intervenors seek to assert claims under Title VII and state claims for discrimination and harassment under California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et. seq.* (Doc. 10 at 3).  Intervenors argue they should be permitted to intervene as a matter of right because of their claim arising under Title VII, which provides that "persons aggrieved shall have the right to intervene in a civil action brought by the Commission…" 42 U.S.C. § 2000e-5(f)(1).  This clause "grants the person aggrieved an unconditional right to intervene" if a motion is timely made. *EEOC v. Brotherhood of Painters, Decorators & Paperhangers of Am.*, 284 F. Supp. 1264, 1266-67 (D.S.D 1974) (clause restricting intervention to cases involving government agency or political subdivisions applies only to cases filed by the attorney general); *see also EEOC v. Guimarra Vineyards Corp.*, 2010 U.S. Dist. LEXIS 82917, at *9 (E.D. Cal. Aug. 13, 2010) (persons aggrieved "have the unconditional right to intervene in this case if their motion was timely").

   A.   "Persons aggrieved"

"Under the provisions of 42 U.S.C. § 2000e-5(f)(1), an 'aggrieved person is defined as a person who has filed a charge with the EEOC.'" *EEOC v. GMRI, Inc.*, 221 F.R.D. 562, 563 n.1 (D. Kan. 2004), quoting *EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F.Supp.2d 260, 263 (E.D. N.Y. 2003).  Therefore, to have standing as "persons aggrieved," Intervenors must show an injury and the "interest sought to be protected by the complaint is arguably within the zone of interests to be protected or regulated by the statute." *Foust v. Transamerica Corp.*, 391 F.Supp. 312, 314 (N.D. Cal. 1975), citing *Data Processing Service v. Camp*, 397 U.S. 150, 152-53 (1970).

Individuals who did not file charges with the EEOC may retain a right to intervene under the "single filing" or "piggybacking" rule, which permits a person who has not filed a complaint to "piggyback" onto an EEOC complaint filed by a similarly situated individual. *See e.g., Guimarra Vineyards Corp.*, 2010 U.S. Dist. LEXIS 82917, at *12, citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001); *see also Calloway Partners Nat'l Health Plans*, 986 F.2d 466, 450 (11th Cir. 1993) (claims must "arise out of similar discriminatory treatment in the same time

frame"). The essence of the single filing rule is that it is "wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." *Id.* Thus, the rule allows other suitable plaintiffs to seek the relief of a Title VII action, though they have not filed a charge with the EEOC. *Id.*, citing *Foster v. Ruhrpumpen*, 365 F.3d 1191, 1197 (10th Cir. 2004); *EEOC v. Cal. Psychiatric Transitions*, 644 F.Supp.2d 1249 (E.D. Cal. 2009).

Here, twenty-three of the individuals seeking to intervene have filed charges with the EEOC and are name as charging parties in the EEOC's complaint. (Doc. 10 at 6). The remaining twenty-nine individuals seek to apply the "single filing rule." *Id.* at 6-7. According to Intervenors, "All Plaintiff-Intervenors are Filipino Americans who worked for Defendants. Their claims of discrimination under federal and state law all arise out of the same discriminatory treatment, the same English only policy, and the same enforcement efforts by Defendants targeted at Filipino American employees." *Id.* at 7. Therefore, individuals who did not file a claim with the EEOC were similarly situated to the employees who did so, and all have a right to intervention.

B.  Timeliness

The "threshold requirement" for intervention as a matter of right is that the motion to intervene be filed in a timely manner. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). When a court finds "the motion to intervene was not timely, [it] need not reach any of the remaining elements of Rule 24." *Wilson*, 131 F.3d at 1302, quoting *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). To determine whether a motion to intervene is timely, the court considers: (1) the stage of the proceedings at the time the motion is made, (2) prejudice to other parties; and (3) the reason for and the length of any delay in moving to intervene. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). Further, a court should be more lenient in considering these factors when intervention is sought as a matter of right compared to permissive intervention, because of the likelihood of serious harm. *United States v. Oregon*, 745 F.3d 550, 552 (9th Cir. 1984).

In this case, Intervenors moved to intervene at an early stage in the proceedings. As Intervenors succinctly stated, "This motion comes less than four months after the EEOC filed its

4

complaint, within one week of the initial scheduling conference, and well before the July 2011 deadline set by the Court for filing complaints in intervention." (Doc. 10 at 5). Moreover, there is no prejudice to either the EEOC or Defendants, who filed statements of non-opposition to the motion to intervene. (Docs. 11, 13). Given these facts, the motion to intervene has been brought in a timely manner.

**V.  Conclusion and Order**

Intervenors have established that they may intervene as a matter of right under Fed. R. Civ. P. 24(a). Many filed claims with the EEOC, and those who did not are similarly situated and thus may apply the "single filing rule," as discussed above. Therefore, as "aggrieved persons" under Title VII, Intervenors have the unconditional right to intervene because their motion was filed in a timely manner. Accordingly, IT IS HEREBY ORDERED that the motion for leave to intervene is **GRANTED**.

IT IS SO ORDERED.

Dated:  **January 18, 2011**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE