1  Anna Y. Park, SBN 164242
2  Derek Li, SBN 150122
   Peter Laura, SBN 116426
3  Rumie Vuong, SBN 249152
   U.S. EQUAL EMPLOYMENT
4  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
5  Los Angeles, CA 90012
   Telephone: (213) 894-1076
6  Facsimile: (213) 894-1301
   E-Mail: lado.legal@eeoc.gov

7  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
8  OPPORTUNITY COMMISSION

9
10                    **UNITED STATES DISTRICT COURT**
11
                       **EASTERN DISTRICT OF CALIFORNIA**
12
13

| | |
|---|---|
| 14  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 1:10-CV-01492-LJO-JLT |
| 15 | **STIPULATION AND PROTECTIVE ORDER REGARDING "CONFIDENTIAL" INFORMATION OR DOCUMENTS** |
| 16         Plaintiff, | |
| 17       and | |
| 18  DOUGLAS ABDON, DAVID AGBAYANI, PACITA AGUSTIN, MANUELA ANINION, MELCHOR APOSTOL, ANGELITA BALIGAD, NENA BALLESTEROS, FERDINAND BARACEROS, MARIA BUSTO, BELEN CABBAB MICHELLE CABBAB, FELY CACAL, NORMI CACAL, ERLINDA CAMOTUYA, ESTHER CASABAR, NORA CASIMIRO, ELNORA CAYME, GINA CORREA, ARMELIZA DELA CRUZ, ESTER DELOS SANTOS, HILDA DUCUSIN, AIDA ESTRELLA, FLORENTINA FAILANO, EDUARDO FRIAL, CONSOLACION GALAFTE, JOVENA GALLEGOS, LUZ GALLEGOS, TOMASA GUMALLAOI, MELINDA INTOC, CALIXTO LAMUG, WILMA LAMUG, ANIELYN MANALASTAS, ROME | |

MANALASTAS, MARIBELLE MANANKIL, SOL MANAOIS, ELIZABETH MATIAS, CRISTINA NELMIDA, NELSON NISPEROS, VENUS PAGSUBERON, PRISCILLA PENALOSA, EVANGELINE PICATO, JOSE PIRA, FEDERICO QUINIONES, NANNETTE QUINO, TERESITA RAFANAN, MELANIE REFUERZO, MARILOU RIOLA, MARIA TERESA SOLANO, NECITA TABAJONDA, MYRNA TORRES, ELENA VILLAMOR, AND ROMEO VILLAMOR.

    Plaintiff-Intervenors

v.

CENTRAL CALIFORNIA FOR HEALTH d/b/a DELANO REGIONAL MEDICAL CENTER; AND DELANO HEALTH ASSOCIATES, INC., and DOES 1 through 15, inclusive,

    Defendants.

## STIPULATION

Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), Plaintiffs'-In-Intervention, and Defendants Central California For Health and Delano Health Associates, Inc. ("Defendants"), through their respective counsel of record, hereby stipulate as follows pursuant to Fed. R. Civ. P. 26(c) as follows:

    1.    Confidential Information

For the purposes of this protective order, "confidential" information is information and documents which reveal the following information about Defendants' current or former employees: (1) social security number; (2) current address and telephone number; (3) individual compensation information; (4) employee performance reviews and appraisals; (5) employment applications; and (6) information regarding discipline of employees.

1     2. <u>Use of Confidential Information and Documents</u>

2     a. The parties agree that "confidential" information and documents 3 containing "confidential" information shall only be used for a purpose related to the prosecution 4 and/or defense of the litigation of this action. The only individuals entitled to review such 5 documents produced shall be counsel for the parties and members of counsel's staff; any 6 consultants retained by any party's counsel<u>, the Court and Court staff</u>; and any experts retained 7 by any party's counsel. With respect to employee disciplinary matters and performance ~~apprials~~ 8 <u>appraisals</u> and reviews, a person who was <u>the subject of the employee discipline or performance</u> 9 <u>appraisal, and those who were</u> the author<u>s</u> ~~of a document, and those who edited~~ <u>or the</u> 10 <u>editors/reviewers of</u> such <u>a</u> document~~s~~, may be shown a copy of ~~such~~ <u>the</u> document. With regard 11 to witnesses or ~~whose~~ <u>those</u> who provided statements for purposes of employee disciplinary 12 matters, such individuals shall be permitted to review their ~~won~~ <u>own</u> statement, or summaries of 13 their statements and observations<u>,</u> if authored by another person. There shall be no disclosure 14 of privileged documents or confidential information to any Charging Party who is covered within 15 this action, or ~~shall there be~~ any disclosure to any Plaintiff in Intervention<u>, except as set forth</u> 16 <u>here.</u>

17     b. To the extent that "confidential" information or documents containing 18 "confidential" information are used in connection with pleadings filed with the Court, then ~~such~~ 19 ~~"confidential" information~~ <u>they</u> shall be redacted in accordance with Fed. R. Civ. P. 5.2 <u>and</u> 20 <u>Local Rule 140. Should a party seek to file a "confidential document" or record containing</u> 21 <u>"confidential information," the party SHALL comply with Local Rules141 and 141.2.</u>

22     3. The parties enter into this stipulated Protective Order without prejudice to any 23 party's right to object to the disclosure of any information on any ground that it may deem 24 appropriate, and any party or non-party may, upon motion, seek relief from, or modification of 25 this Protective Order on a showing of good cause.

26     4. If any party discovers that any confidential document or confidential information 27 subject to this protective order is improperly disclosed to any person other than in the manner 28 authorized by this Protective Order, the party making such discovery shall immediately inform

the other parties of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent disclosure by said authorized person(s).

5. All parties agree that prior to commencement of trial they will in good faith attempt to enter into mutually agreeable stipulations and protective orders with respect to any confidential information and confidential documents which are subject to this protective order where there is desire on the party of a party to have such information disclosed during trial. Any unresolved disputes shall be resolved in accordance with the applicable Federal Rules of Civil Procedure, ~~and~~ Federal Rules of Evidence and/or the Court's pretrial order. Any party intending to utilize any confidential information or documents subject to this protective order in a law and motion matter or at trial SHALL comply with Local Rules 141 and 141.2.

6. All parties to this Protective Order have had an opportunity to participate in drafting this Order.

7. Nothing in this Order should be construed to prohibit the EEOC from disclosing the information if required by Congress or other governmental entities or to interfere with EEOC's statutory law enforcement and investigative activities.

IT IS SO STIPULATED:

Dated: _____         U.S. EQUAL EMPLOYMENT
                                 OPPORTUNITY COMMISSION

                                 By: _____
                                       Peter F. Laura
                                 Attorneys for Plaintiff
                                 U.S. EQUAL EMPLOYMENT
                                 OPPORTUNITY COMMISSION


Dated: _____         ASIAN PACIFIC AMERICAN
                                 LEGAL CENTER


                                 By:

```
                                            _____
                                            Carmina Ocampo
                                            Attorneys for Plaintiffs-In- Intervention
                                            DOUGLAS ABDON, et.al.
```

Dated: _____          CLIFFORD & BROWN

                                 By:_____
                                       Robert D. Harding

                                 Attorneys for Defendant
                                 CENTRAL CALIFORNIA FOUNDATION FOR
                                 HEALTH d/b/a DELANO REGIONAL MEDICAL
                                 CENTER

## **PROTECTIVE ORDER**

**FOR GOOD CAUSE SHOWN,** the Court ORDERS the protective order submitted by the parties and as modified by the Court, into effect.

IT IS SO ORDERED.

   Dated:  **September 19, 2011**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE