1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   U.S. EQUAL EMPLOYMENT
     OPPORTUNITY COMMISSION              Case No. 1:10-cv-01492-LJO-JLT
12
             Plaintiff,                  ORDER GRANTING MOTION FOR LEAVE
13                                       TO FILE AMENDED ANSWER
     DOUGLAS ABDON, et al.,
14
             Plaintiff-in Intervention,  (Doc. 56).
15
     v.
16
     CENTRAL CALIFORNIA FOUNDATION
17   FOR HEALTH, et al.,

18           Defendants.

19

20   **I.    INTRODUCTION**

21          Before the Court is Defendants' motion for leave to file amended answers. (Doc. 56).

22   Defendants seek to amend their answers to clarify that the allegations set forth in their fifteenth

23   affirmative defense, are based upon Ellerth/Faragher.[1]  Only Plaintiff has opposed this motion.

24   (Doc. 60)   Intervenors have not opposed the motion.   For the following reasons, Defendants'

25   motion to amend is **GRANTED.**

26          [1] This defense is based upon Burlington Ind. Inc. v. Ellerth, 524 U.S. 742 (1998) and
     Faragher v. City of Boca Raton, 524 U.S. 775 (1998), which allows an employer to assert that the
27   employer acted reasonably in putting in place programs which prevent and timely correct
     harassment and that the employee unreasonably failed to use these programs to avoid damages.
28

## II.    PROCEDURAL HISTORY

On August 18, 2010, Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), filed a complaint against Defendants, Central California Foundation for Health and Delano Health Associates, Inc. ("Defendants") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and unlawful employment practices. (Doc. 1 at 4). Numerous proposed intervenors moved to intervene in December 2010. (Doc. 10). Defendants' Complaint in Intervention was filed in February 2011. (Doc. 16).  On March 4, 2011, Plaintiff Intervenors filed their First Amended Complaint.  (Doc. 19).  Defendants filed their Answer to the EEOC's Complaint on September 15, 2010, and to the Plaintiff Intervenors' First Amended Complaint in April 2011, and asserted the same twenty affirmative defenses in both Answers.  (Doc. 5 and 21).

## III.    ANALYSIS AND DISCUSSION

### A.    Factors impacting whether leave should be granted

To reach a decision on a motion to amend under Rule 15(a), the Court must weigh the factors for and against the requested amendment.  Millar v. Bar Dist. 236 F.Supp.2d 1110*, 2002 U.S. Dist. LEXIS 22589, *5 (N.D Cal. November 15, 2002).  Fed. R. Civ. P. 15(a)(2) declares that leave to amend should be freely given when justice so requires and only denied on a clear showing other interests outweigh the general principle in favor of allowing an amendment.  (Id.)

In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."  Foman v. Davis, 371 U.S. 178, 182.

However, these factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).  Absent prejudice, or a strong showing of any of the

1    remaining factors, "there exists a presumption under Rule 15(a) in favor of granting leave to

2    amend." Eminence Capital, LLC, at 1052 (emphasis in the original). "In exercising [its]

3    discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on

4    the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977,

5    979 (9th Cir. 1981).

6                    **i.      Prior Amendments**

7            Defendants filed an initial answer to the complaint and later filed an answer to Plaintiff

8    Intervenors' first amended complaint. (Doc. 5 and 21). Defendants have not previously amended

9    their answers to the operative complaints, nor have they requested leave to do so. Thus, this

10   factor weighs in favor of granting Defendants' request.

11                   **ii.     Futility of Amendment**

12           Futility may be found where added claims duplicate existing claims or are patently

13   frivolous, or both. *See* Bonin, 59 F.3d at 846. The amendment requested by Defendants seek to

14   clarify that the allegations set forth in the fifteenth affirmative defense of their operative answers

15   are based upon a defense commonly referred to as the Ellerth/Faragher defense. (Doc. 56 at 4,

16   Doc. 56-2 at 5-6, Doc. 56-3 at 9).

17           Plaintiff argues that Defendants' request should be denied because the reformulated

18   fifteenth affirmative defense is futile. (Doc. 161 at 6-7 and 10-14). Specifically, Plaintiff claims

19   that Defendants waived the proposed defense by failing to plead it in their Answers and that "no

20   facts support a conclusion that any reasonable juror could find that Defendants met their burden"

21   to prove the two pronged defense. (Doc. 60 at 9).

22                   **a.      Waiver**

23           Plaintiff asserts that Defendants never asserted an Ellerth/Faragher defense in their Answers

24   and as a result, have waived the ability to now amend its answers to include such a defense.

25   (Doc. 60 at 4 (citing Fed. R. Civ. P. 8(c)). Defendant argues that the fifteenth affirmative defense

26   pled in Defendants' answers allege sufficient facts to provide notice to Plaintiff about the nature

27   of the affirmative defense.

28

1    Plaintiff's waiver argument is more akin to an argument made on a motion to strike. Here,

2  however, the Court considers only the factors described above. The Court will therefore consider

3  Plaintiff's argument in the context of the "futility" factor.

4    Defendants' fifteenth affirmative defense alleges that the charging parties failed to timely

5  report alleged harassment or discrimination, that instruction on such reporting was given, that the

6  instruction was given so that Defendant could prevent or correct the alleged harassment or

7  discrimination, and that the parties failed to mitigate their damages by reporting, as instructed.

8  (Doc. 56-2 at 5-6 and 56-3 at 9). Based upon these allegations, the Court does not find the

9  proposed amendment to be futile.

10                                    **b.    Lack of Factual Support**

11    Plaintiff asserts that "when a summary judgment is pending, as in this case, the court

12  needs to see whether the amendment is supported by 'substantial and convincing evidence.'"

13  (Doc. 60 at 9 (citing <u>Cowen v. Bank United of Texas, FSB</u> (7th Cir. 1995) 70 F.3d 937, 944).

14  <u>Cowen</u> does not stand for that proposition. (<u>Cowen</u>, 70 F.3d at 944). <u>Cowen</u> made clear that

15  "[w]hen as in this case the motion to amend is filed after a responsive pleading has been served,

16  permission to amend is *discretionary* with the district judge." (<u>Id.</u>) There is no "rule" in such a

17  situation that requires the court to determine whether the amendment is supported by "substantial

18  and convincing evidence." (<u>Id.</u>) Furthermore, the Court has no ability to evaluate Plaintiff's

19  assertion that no such evidence exists. Aside from Plaintiff's argument, there is no evidence to

20  support this position. Moreover, assuming Plaintiff's position is correct, this would be

21  determined on a motion for summary judgment, not on this motion for leave to amend. Based

22  upon the evidence before this Court, Defendants' requested amendment is not futile.

23                                    **iii.    Undue Delay**

24    In <u>Howey</u>, the Ninth Circuit Court of Appeals observed, "[t]he purpose of the litigation

25  process is to vindicate meritorious claims. "Refusing, solely because of delay, to permit an

26  amendment to a pleading in order to state a potentially valid claim would hinder this purpose

27  while not promoting any other sound judicial policy." <u>Howey</u>, 481 F.2d at 1191. Thus, by itself,

28  undue delay is insufficient to prevent the Court from granting leave to amend. <u>Leighton</u>, 833

1   F.2d at 186. However, in combination with other factors, delay may be sufficient to deny

2   amendment. *See* Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981)

3   (where the Court found a delay of two years, "while not alone enough to support denial, is

4   nevertheless relevant").

5          When evaluating undue delay, the Court must consider whether "permitting an

6   amendment would ... produce an undue delay in the litigation." Jackson, 902 F.2d at 1387. In

7   addition, a Court should examine "whether the moving party knew or should have known the

8   facts and theories raised by the amendment in the original pleading." Id. at 1388.

9          Plaintiff contends that Defendants' proposed amendment is not based upon new law or

10  newly discovered evidence and therefore should have been pled much sooner.  Plaintiff further

11  argues that the motion was filed after the dispositive motion deadline. (Doc. 60 at 3).  Defendant

12  counters by stating that it always intended the allegations in its fifteenth affirmative defense to

13  encompass an Ellerth/Faragher defense and therefore it has not delayed in asserting the defense.

14  (Doc. 56 at 4).

15         The relevant deadline for Defendants' motion is the non-dispositive motion deadline of

16  June 29, 2012 set forth in the Court's January 10, 2012 order.  (Doc. 37).  Thus, Defendants'

17  motion is timely and does not require a modification to the scheduling order.  (Id.)  Additionally,

18  Defendants report that it was not until they received correspondence from Plaintiff's counsel on

19  April 19, 2012 that Defendants became aware of Plaintiff's position that their answers did not

20  adequately assert the Ellerth/Faragher defense.  (Doc. 56 at 8).  The parties participated in an

21  unsuccessful meet and confer discussion on April 24, 2012.  (Id.)  Within a week of that

22  discussion, Defendants filed their motion to amend.  (Id.).  Based upon the sequence of events,

23  the Court does not find that Defendants unduly delayed in bringing this motion.

24         **iv.     Bad Faith**

25         Plaintiff does not assert that the motion was brought in bad faith and the Court finds no

26  evidence that bad faith played any role in filing the motion.

27         **v.     Prejudice to Plaintiff**

28         The most critical factor in determining whether to grant leave to amend is prejudice to the

1    opposing party. <u>Eminence Capital</u>, 316 F.3d at 1052. The burden of showing prejudice is on the

2    party opposing an amendment to the complaint.  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183,

3    187 (9th Cir. Cal. 1987); <u>Beeck v. Aquaslide 'N' Dive Corp.</u>, 562 F.2d 537, 540 (9th Cir. 1977).

4    Prejudice must be substantial to justify denial of leave to amend. <u>Morongo Band of Mission</u>

5    <u>Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption under Rule 15(a) in

6    favor of granting leave to amend where prejudice is not shown. <u>Eminence Capital</u>, 316 F.3d at

7    1052.  One indicator of prejudice includes the need to reopen discovery. *In re* <u>Fritz Cos. Secs.</u>

8    <u>Litig.</u>, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003).

9         Plaintiff alleges it would be prejudiced by the amendment because "it would force

10   Plaintiffs to conduct additional and substantial discovery" that had not been previously

11   propounded upon Defendants.  (Doc. 60 at 10).  However, Plaintiff's argument here that "no facts

12   support a conclusion that any reasonable juror could find that Defendants met their burden to

13   prove either of the required two prongs of the defense" (Doc. 60 at 9), seems incongruent with

14   their claim that they have not discovered evidence related to the <u>Ellerth/Faragher</u> defense.  At the

15   hearing, counsel reported that when Plaintiff filed its motion for partial summary judgment, it was

16   aware only that employers often assert this defense and reported Plaintiff had no other notice that

17   Defendant intended to assert this defense.  Counsel clarified that the letter he sent to Defendant on

18   April 19, 2012, related to Plaintiff's position that Defendant had waived this defense, was based

19   upon this awareness and not due to any notice provided by Defendant that the defense had been

20   raised.

21        Notably, Plaintiff's pending motion for partial summary judgment argues that there are no

22   facts to support <u>Ellerth/Faragher</u> defense.  (Doc. 52-1 at 18).  Specifically, it references evidence

23   that the claimants took action related to the discrimination when they filed a petition with

24   management which complained of the alleged discrimination.  <u>Id</u>. Likewise, it argues that

25   Defendant had an unlawful and discriminatory policy in place and took harassing and disparate

26   action toward these employees.  <u>Id</u>. Notably, however, the motion concludes that, "It is

27   undisputed that Defendants cannot establish either of [the <u>Ellerth/Faragher</u> elements]."  Given the

28   requirements under Rule 11, the Court cannot find on this record that Plaintiff had no evidentiary

1   support when it made this argument. (*See* Fed. R. Civ. P. 11).  On the other hand, because

2   Plaintiff made alternative arguments--that the defense was waived or, if not, that it cannot be

3   proven--the Court does not find that the amendment prejudices Plaintiff related to the motion.

4   Indeed, regardless of whether Defendants' motion to amend is granted, Plaintiff's argument

5   regarding the factual and legal support for the Ellerth/Faragher defense remains viable.

6          On the other hand, Plaintiff contends that it would have propounded contention

7   interrogatories and sought facts, witnesses, and evidence that Defendants intended to use to

8   support their defense had the Commission realized Defendants intended to pursue the

9   Ellerth/Faragher defense. (Doc. 60 at 10).  Likewise, at the hearing, counsel indicated that he

10  would have taken a person-most-knowledgeable deposition to explore the alleged program that

11  Defendant had in place to prevent and remedy harassment.  Nevertheless, Plaintiff does not state

12  what specific evidence it would need if the amendment is granted, why it did not seek to obtain

13  discovery based upon the allegations currently pled in Defendants' fifteenth affirmative defense,

14  or why they cannot now obtain this evidence before the close of non-expert discovery on July 13,

15  2012. (Doc. 44).  Thus, the Court does not finds Plaintiff would be prejudiced if Defendants are

16  allowed to amend their answers.

17                                          **ORDER**

18          Based upon the foregoing, the Court **ORDERS**:

19          1. Defendants' motion to amend their Answers (Doc. 56) is **GRANTED**;

20          2. Defendants **SHALL** file their amended answer to the first amended complaints within

21  two court days of service of this order.

22

23

24  IT IS SO ORDERED.

25      Dated:  __May 30, 2012__                      ____/s/ Jennifer L. Thurston__
                                                      UNITED STATES MAGISTRATE JUDGE

26

27

28