IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. 1:10-cv-01492-LJO-JLT |
| Plaintiff, and | **ORDER DISMISSING PLAINTIFF ELIZABETH MATIAS** |
| DOUGLAS ABDON, et al., | |
| Plaintiff-Intervenors, | |
| vs. | |
| CENTRAL CALIFORNIA FOUNDATION FOR HEALTH, et al. | |
| Defendants. | |

**BACKGROUND**

On August 18, 2010, the U.S. Equal Employment Opportunity Commission ("EEOC") filed suit against Central California Foundation for Health d/b/a Delano Regional Medical Center ("DRMC") and Delano Health Associates, Inc. ("DHA").[1] (Doc. 1). Fifty-two individual hospital staff members, represented by the Asian Pacific American Legal Center ("APALC"), intervened.[2] (Doc. 16). On March

---

[1] DRMC and DHA will be referred to collectively as "defendants."

[2] Nine of the plaintiff-intervenors eventually voluntarily dismissed their claims. (Docs. 39, 77, 78).

1

14, 2012, the APALC filed a motion to withdraw as counsel of record for Elizabeth Matias ("Ms. Matias"). (Doc. 43). The motion was based on Ms. Matias' failure to cooperate with counsel despite counsel's repeated efforts to contact her. A declaration submitted by counsel provides that from October 2011 to December 2011, counsel left five voicemails and made three written attempts to communicate with Ms. Matias, all to no avail. (Doc. 43-1, ¶ 7-8). In December 2011, counsel sent a final letter to Ms. Matias which notified her that the APALC would be taking steps to withdraw as her attorney. (Doc. 43-3, p. 6). On April 19, 2012, Magistrate Judge Thurston granted APALC's motion to withdraw. (Doc. 49).

On June 22, 2012, the EEOC, the plaintiff-intervenors represented by the APALC, and defendants filed a notice of settlement. (Doc. 81). Ms. Matias did not participate in the settlement. As a result, this Court ordered Ms. Matias, no later than July 6, 2012, to file and serve papers to show good cause why this Court should not dismiss her claims for failure to prosecute. (Doc. 84). The order explicitly stated that, "**This Court ADMONISHES Ms. Matias that this Court will dismiss her claims and this action if Ms. Matias fails to respond to this order.**" (Doc. 84) (bold in original). Ms. Matias did not respond to the order.

## DISCUSSION

It is well established that a district court has the authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (the court's authority to dismiss for failure to prosecute is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.) (recognizing that the district court may dismiss an action for failure to comply with a court order), *cert. denied*, 506 U.S. 915 (1992).

In determining whether to dismiss a case for failure to prosecute or to comply with court orders, a court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. Ms. Matias has failed to file any documents related to this action and has failed to respond to the Court's order to show cause why this action should not be dismissed for failure to prosecute. Ms. Matias' inaction indicates a lack of interest in prosecuting this case. The third factor, the risk of prejudice to defendant, also weighs in favor of dismissal because "[t]he law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d at 1452 (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). This presumption may be rebutted "if there is a showing that no actual prejudice occurred." *Id*. at 1452-53. However, Ms. Matias offers no excuse or reason for the delay. The fourth factor – public policy favoring disposition of cases on their merits – does not outweigh Ms. Matias failure to file any documents related to this action or respond to the Court's order to show cause. Finally, a "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262 (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987)). The order to show cause filed on June 22, 2012, ordered Ms. Matias "to file and serve papers to show good cause why this Court should not dismiss her claims for failure to prosecute them in this action." (Doc. 84). The order further stated, "**This Court ADMONISHES Ms. Matias that this Court will dismiss her claims and this action if Ms. Matias fails to respond to this order.**" (Doc. 84) (bold in original). Ms. Matias failed to respond to the order despite this warning. Accordingly, the "consideration of alternatives" requirement is satisfied. *Id*.

In sum, the above factors weigh in favor of dismissal for failure to prosecute.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES without prejudice Ms. Matias's claims for failure to prosecute; and
2. DIRECTS the clerk to enter judgment in favor of defendants and against plaintiff Elizabeth Matias and to close this action.

IT IS SO ORDERED.

Dated:   July 10, 2012                            /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE