Anna Y. Park, SBN 164242
Rumie Vuong, SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

(Attorney recitals continued on next page)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 1:10 CV 01492 LJO JLT |
| Plaintiff, | **[PROPOSED] CONSENT DECREE** |
| DOUGLAS ABDON et al. | |
| Plaintiffs-in-Intervention, | Hon. Lawrence J. O'Neill |
| vs. | |
| CENTRAL CALIFORNIA FOUNDATION FOR HEALTH d/b/a DELANO REGIONAL MEDICAL CENTER AND DELANO HEALTH ASSOCIATES, INC. | |
| Defendants. | |

-1-

1   Laboni A. Hoq, SBN 224140
    Justin Ma, SBN 216215
2   Carmina Ocampo, SBN 262751
    Maya Roy, SBN 261444
3   ASIAN PACIFIC AMERICAN LEGAL CENTER
    Member of Asian American Center for Advancing Justice
4   1145 Wilshire Blvd., Second Floor
    Los Angeles, CA 90017
5   Phone: (213)977-7500
    Fax:    (213) 977-7595
6
    Attorneys for Plaintiff-Intervenors
7
8   Robert D. Harding SBN 61420
    John R. Szewczyk, SBN 109981
9   CLIFFORD & BROWN
    1430 Truxtun Avenue, Suite 900
10  Bakersfield, CA 93301-5230
    Phone: (661) 322-6023
11  Fax:    (661) 322-3508
12
    Attorneys for Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    **INTRODUCTION**

On August 18, 2010, the U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit entitled *Equal Employment Opportunity Commission v. Central California Foundation for Health d/b/a Delano Regional Medical Center, et al.*, Case No. 1:10 CV 01492 LJO JLT, in the United States District Court for the Eastern District of California alleging that Defendants Central California Foundation for Health d/b/a Delano Regional Medical Center, *et al.* discriminated against Charging Parties Rebecca Aguinaldo, Pacita Agustin, Maria Busto, Herminia Carino, Nora Casimiro, Hilda Ducusin, Consolacion Galafate, Luz Gallegos, Wilma Lamug, Vemlis Pagsuberon, Priscilla Penalosa, Federico Quiniones,  Sixto Ramos, Vilma Tutop, Romeo Villamor, Ferdinand Baraceros, Ednalyn Arciaga, Sol Manaois, Maribelle Manankil, Evangeline Picato, Arsenia Ringor, Michelle Cabbab, Angelita Baligad,Patricia Serafica, Erlinda Camtuya, Tomasa Gumallaoi, Manuela Aninion, Anafe Escorpiso, Elnora Cayme, Charito Bilog, Elizabeth Batchar, Joselito Munoz, Belen Cabbab, and Calixto Lamug (herein after referred to as the "Charging Parties") and a class of similarly situated individuals (collectively "Claimants") by subjecting them to disparate treatment and harassment based on their Filipino national origin in violation of Section 703 of  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as amended ("Title VII").

On February 14, 2011, Douglas Abdon, David Agbayani, Pacita Agustin, Manuela Aninion, Melchor Apostol, Angelita Baligad, Nena Ballesteros, Ferdinand Baraceros, Charito Bilog, Maria Busto, Belen Cabbab Michelle Cabbab, Fely Cacal, Normi Cacal, Erlinda Camotuya, Esther Casabar, Nora Casimiro, Elnora Cayme, Gina Correa, Armeliza Dela Cruz, Ester Delos Santos, Hilda Ducusin, Aida Estrella, Florentina Failano, Eduardo Frial, Consolacion Galafte, Jovena Gallegos, Luz Gallegos, Tomasa Gumallaoi, Melinda Intoc, Calixto Lamug, Wilma Lamug, Anielyn Manalastas, Rome Manalastas,

1   Maribelle Manankil, Sol Manaois, Elizabeth Matias, Cristina Nelmida, Nelson

2   Nisperos, Venus Pagsuberon, Priscilla Penalosa, Evangeline Picato, Jose Pira,

3   Federico Quiniones, Nannette Quino, Teresita Rafanan, Melanie Refuerzo,

4   Marilou Riola, Maria Teresa Solano, Necita Tabajonda, Myrna Torres, Elena

5   Villamor, and Romeo Villamor ( collectively "Plaintiff-Intervenors") filed a

6   Complaint-in-Intervention in the pending action through their attorneys of record

7   the Asian Pacific American Legal Center ("APALC").

8          On March 4, 2011, Plaintiff- Intervenors filed a First Amended Complaint

9   alleging claims of discrimination and harassment under Title VII and California

10  Fair Employment & Housing Act ("FEHA"), unlawful use of a workplace

11  language policy under California Government Code Section 12951, failure to

12  prevent discrimination and harassment under California Government Code

13  Section 12940(k), and unfair and unlawful business practices under California

14  Business and Professions Code Section 17200, et seq.

15         Defendants filed answers to the original Complaint filed by the EEOC and

16  to the original and first amended Complaint-in-Intervention filed by Plaintiff-

17  Intervenors. In those answers Defendants denied all allegations contained in the

18  Complaint and Complaint-in-Intervention. This document is the result of a

19  negotiated compromise between the parties hereto.

20  **II.    PURPOSES AND SCOPE OF THE CONSENT DECREE**

21         A.    The parties to this Consent Decree ("Decree") are Plaintiffs EEOC,

22  the Plaintiff-Intervenors through APALC, and Defendants Central California

23  Foundation for Health d/b/a Delano Regional Medical Center ("DRMC") and

24  Delano Health Associates, Inc. ("DHA")  (collectively "Defendants"). This

25  Decree shall be binding on and enforceable against Defendants and their direct

26  and indirect subsidiaries, officers, employees, agents, successors and assigns.

27         B.    The parties have entered into this Decree for the following purposes:

28                1.    To provide monetary and injunctive relief;

2.    To ensure that employment practices at Defendants' and/or Defendants' affiliated facilities comply with federal and state law;

3.    To ensure that Defendants' employees and employees at Defendants' affiliated facilities are protected from discrimination, harassment, and retaliation, and are not subject to an unlawful language policy;

4.    To provide additional training to Defendants' managers and employees and to managers and employees at Defendants' affiliated facilities with respect to their obligations under Title VII and FEHA; and

5.    To eliminate the costs of further litigation.

C.    The scope of the Decree shall cover all of Defendants' facilities which are located in Kern County, California.

D.    Execution of the Consent Decree by the parties shall not be deemed an admission or affirmation by any party as to the allegations of any of the respective pleadings.

## III.    EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions of this Decree are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## IV.    JURISDICTION

A.    The Court has jurisdiction over the parties and the subject matter of this lawsuit, pursuant to 28 U.S.C. Section 451, 1331, 1337, 1343, 1367 and 42 U.S.C. 2000e-5.

B.    The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees which may be necessary to implement and/or enforce the relief provided herein or to otherwise effectuate the purposes of the Decree.

## V.   **DECREE ENFORCEMENT**

If the EEOC or any Plaintiff-Intervenor have reason to believe that the Defendants have breached the Decree, the EEOC or any Plaintiff-Intervenor may bring an action before this Court to enforce the Decree.

The EEOC and Plaintiff-Intervenors must comply with the procedures set forth below regarding any claimed breach.   For purposes of enforcing the terms of this Decree the EEOC or any Plaintiff-Intervenor must comply with the following steps:

1.   Prior to initiating any enforcement action, and within sixty (60) days following their awareness of the acts or events believed to constitute a breach of this Decree, EEOC or any Plaintiff-Intervenor who wish to address such alleged breach must notify Defendants by way of a written Notice of Breach. This written Notice of Breach must apprise Defendants of the specific section of the Decree which has allegedly been breached and contain a brief statement of the circumstances which the EEOC or Plaintiff-Intervenor believes supports the allegations of a breach. The parties shall in good faith meet and confer and exchange information to endeavor to resolve any identified dispute.

2.   A ninety (90) day dispute resolution period ("Dispute Resolution Period") will be provided from the date of the written Notice of Breach, prior to the institution of any legal proceeding, absent a showing that the delay will cause irreparable harm.  The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's or Plaintiff-Intervenors' written Notice of Breach during the Dispute Resolution Period.

3.   Only after the expiration of the Dispute Resolution Period, the EEOC or any Plaintiff-Intervenor may initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree for such time the Defendants are shown to be out of compliance, or such other relief as the Court may deem appropriate.  If the EEOC or any Plaintiff-

1  Intervenor initiates an enforcement action in this Court, the parties shall comply

2  with all applicable federal and local rules of this Court.

3       4.      In the event EEOC or any Plaintiff-Intervenor asserts that

4  Defendants violated the provisions of Sections X(A) or X(B) of the Decree by

5  engaging in conduct which is also alleged to violate Title VII and/or FEHA, the

6  Parties expressly agree that nothing contained in this Decree constitutes a waiver

7  of the rights and defenses available to the Parties under Title VII and/or FEHA

8  for purposes of any action seeking relief pursuant to Title VII and/or FEHA.  The

9  Parties further expressly agree that in any decree enforcement action arising from

10 an alleged breach of Sections X(A) or X(B) only, the remedy shall be injunctive

11 in nature for the Court to determine at its sole discretion.  The Parties further

12 expressly agree that any finding, order or judgment entered by the court in an

13 enforcement proceeding of Sections X(A) or X(B) shall not be accorded the

14 effect of res judicata, collateral estoppel, issue preclusion, or claim preclusion in

15 a new claim and is not intended to limit or exclude any relief or remedy

16 prescribed by law.

17      5.      In the event any party seeks to utilize the dispute resolution

18 procedure set forth in paragraphs 1 through 3 of this section, then each party shall

19 bear its own attorneys' fees, costs and expenses for all work performed through

20 any resolution based on those procedures.

21      6.      The provisions of this Section do not prevent EEOC or any Plaintiff-

22 Intervenor from promptly bringing an issue directly before the Court when

23 exigent facts or circumstances require immediate Court action to prevent a

24 serious violation of the terms of this Decree, which otherwise would be without

25 meaningful remedy.  The moving papers shall explain the facts and

26 circumstances that allegedly necessitate immediate action by the Court.  If any

27 such matter is brought before the Court requesting immediate action, the other

28 parties shall be provided with appropriate notice and an opportunity to be heard

1  on the motion, under the Local Rules of the Court and the Federal Rules of Civil
2  Procedure.

3  ## VI.   MODIFICATION AND SEVERABILITY

4      This Decree constitutes the complete understanding of the Parties with
5  respect to the matters contained within it.  No waiver, modification or
6  amendment of any provision of this Decree will be effective unless made in
7  writing and signed by an authorized representative of each of the Parties.

8      If one or more provisions of the Decree are rendered unlawful or
9  unenforceable, the Parties shall make good faith efforts to agree upon appropriate
10  amendments to this Decree in order to effectuate the purposes of the Decree.  If
11  the parties are unable to reach agreement, the Court shall order appropriate
12  alternative provisions in order to effectuate the purposes of the Decree.   Should
13  one or more provisions of this Decree be deemed unlawful, all other lawful and
14  enforceable provisions will remain in full force and effect.

15  ## VII.   FINDINGS

16      Having examined the terms and provisions of this Decree the Court finds
17  the following:

18      A.     The Court has jurisdiction over the parties and the subject matter of
19  this action.  The EEOC Complaint and the First Amended Complaint in
20  Intervention assert claims that, if proven, would authorize the Court to grant the
21  relief set forth in this Decree and to enforce the terms of this Decree.

22      B.     The terms and provisions of this Decree are adequate, fair,
23  reasonable, equitable and just.  The rights of the Defendants, the EEOC, those for
24  whom the EEOC seeks relief, and Plaintiff-Intervenors are protected adequately
25  by this Decree.

26      C.     This Decree conforms with the Federal Rules of Civil Procedure and
27  Title VII and is not in derogation of the rights and privileges of any person.  The

28

1  entry of this Decree will further the objectives of Title VII and FEHA and will be

2  in the best interest of the parties.

3

4  ## VIII. RELEASE OF CLAIMS

5  A.     The parties agree that this Decree fully and completely resolves all

6  claims in the Complaint filed in this action by Plaintiff EEOC on behalf of all

7  Charging Parties. The parties further agree that this Decree constitutes a complete

8  resolution of all EEOC claims of race, ethnicity and national origin

9  discrimination and harassment under Title VII which were addressed in this

10 action and in the administrative Charges underlying this action.  This release of

11 claims by the EEOC shall survive the expiration of this Decree.

12 B.     As a separate and distinct agreement between Defendants and

13 Plaintiff-Intervenors for purposes of affording Defendants an individual release

14 of liability, Plaintiff-Intervenors shall individually execute separate and distinct

15 Release Agreements.  EEOC and claimants solely represented by the EEOC are

16 not parties to these releases.  An exemplar of the individual release agreement to

17 be signed by all Plaintiff-Intervenors is attached hereto as Exhibit "A." EEOC

18 disclaims any acceptance, approval, or endorsement of Exhibit "A."  Florentina

19 Failano shall sign a separate release agreement to which EEOC is not a party.

20 C.     Nothing in this Decree shall be construed to preclude the EEOC or

21 Plaintiff-Intervenors from bringing suit to enforce this Decree as set forth in

22 Section V, above.

23 D.     Nothing in this Decree shall be construed to limit or reduce

24 Defendants' obligation to comply fully with Title VII, FEHA, or any other

25 federal or California state anti-discrimination law.

26 E.     This Decree in no way affects the EEOC's right to bring, process,

27 investigate or litigate other charges that may be in existence or may later arise

28 against Defendants in accordance with standard EEOC procedures. As of the date

the parties executed this Decree Claimants are not aware of any open charges of harassment, discrimination or retaliation related to the allegations raised by the Claimants in this action against Defendants, with the exception of the claims filed by Florentina Failano.

F.  Except as otherwise expressly agreed to herein, this Decree in no way affects any Plaintiff-Intevenor's right to bring, investigate, or litigate other charges or claims that may be in existence or may later arise against Defendants after the Effective Date. As of the date the parties executed this Decree Plaintiff-Intervenors are not aware of any open charges of harassment, discrimination or retaliation related to the allegations raised by the Plaintiff-Intervenors in this action against Defendants, with the exception of the claims filed by Florentina Failano.

## IX.   **MONETARY RELIEF**

In settlement of all monetary claims of the EEOC brought on behalf of the Claimants identified as set forth in the EEOC Complaint and claims of Plaintiff-Intervenors, including claims for attorneys' fees and costs, as set forth in the First Amended Complaint-in-Intervention, Defendants shall pay a total of Nine Hundred and Seventy-Five Thousand Dollars and No Cents ($975,000.00) to be distributed among those Claimants, Plaintiff-Intervenors, and APALC at the sole discretion of the EEOC and APALC.

The settlement monies paid out under the terms of this Consent Decree shall be paid out by Defendants to the APALC Checking Account within ten (10) days of the Court's entry of this Decree.  The EEOC and APALC shall then be responsible for the allocation, if any, of the settlement amounts to each member of the class of Claimants and Plaintiff-Intervenors as monetary relief and APALC as attorneys' fees and costs. APALC shall be solely responsible for issuing checks to each Claimant in accordance with the agreement of those Claimants

1  and the express distribution agreement between EEOC and APALC.   The EEOC

2  shall notify APALC of the distribution instructions for EEOC represented

3  claimants. Funds shall be distributed within 20 days of notice from the EEOC to

4  APALC.

5      APALC and Defendants acknowledge that the monetary relief to Plaintiff

6  Intervenors  shall not be distributed until the execution of the individual releases.

7  This prohibition does not apply to the EEOC or claimants solely represented by

8  the EEOC since they are not parties to the individual releases.

9      Within ten (10) business days of the issuance of each check, APALC shall

10  submit a copy of each check and related correspondence to the Regional

11  Attorney, United States Equal Employment Opportunity Commission, 255 East

12  Temple Street, 4th Floor, Los Angeles, CA 90012.

13      APALC shall prepare and distribute 1099 forms to the Claimants and

14  Plaintiff-Intervenors who receive settlement payments pursuant to this Section of

15  the Decree and shall make any appropriate reports to the Internal Revenue

16  Service.  APALC shall be solely responsible for any costs associated with the

17  issuance and distribution of the 1099 forms to the Claimants and Plaintiff-

18  Intervenors.  Claimants and Plaintiff-Intervenors shall be solely responsible for

19  taxes payable, if any, on their respective portion of the settlement proceeds, and

20  will be so advised by EEOC and APALC.

21      The Parties agree and understand that this is a global settlement and that

22  the allocation of the settlement funds among the Claimants, Plaintiff-Intervenors

23  and APALC is at the sole discretion of the EEOC and APALC. The Defendants

24  shall not have any role or input into said allocation and expressly disclaim any

25  interest or willingness to participate in the allocation process.

26

27

28

## X.   GENERAL INJUNCTIVE REMEDIES

### A.   National Origin Discrimination

Defendants, their officers, employees, agents, successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined for the duration of the Decree from discriminating against and/or harassing any individual on the basis of national origin including, without limitation, by enforcing Defendants' employment policies in the workplace in a discriminatory manner based on national origin.

### B.   Retaliation

Defendants, their officers, employees, agents, management (including all supervisory employees), successors, and assigns, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice that has the purpose  and effect of retaliating against any future, current, or former employee or applicant of Defendants' affiliated facilities, because he or she (a) opposed any practice that the EEOC or Plaintiff-Intervenors contended in this action was unlawful; (b) testified, supported, participated or furnished information in any manner in any investigation, proceeding, hearing, or litigation in connection with this case or in the monitoring or implementation of this Decree; (c) was identified as a possible witness or claimant in this action; (d) asserted any rights under this Decree; (e) sought and/or received any monetary and/or non-monetary relief in accordance with this Decree; or (f) is associated with any employees who have taken any action identified in items a-e of this paragraph or is perceived to be an employee who has taken any action identified in items a-e.

### C.   Posting of Notice of Consent Decree

1.   Within ten (10) days after the Effective Date and throughout the term of this Decree, Defendants shall post a full-sized copy of the Notice of Consent Decree, which is attached to the Decree as Exhibit B, in a clearly visible

1   location frequented by employees (i.e., break rooms or bulletin boards with other
2   employee notices) in each of Defendants' covered locations that are operational
3   during the term of the Decree.

4       **D.**     **Equal Employment Opportunity Monitor; Equal Employment**
5                   **Opportunity Policy and Procedures**

6       Within thirty days (30) after the Effective Date, Defendants shall retain
7   Holly Culhane to serve as an outside Equal Employment Opportunity Monitor
8   ("Monitor"). The Monitor shall ensure Defendants' compliance with Title VII,
9   FEHA and the provisions of this Decree by undertaking an independent
10  assessment of the workplace, which may include conducting confidential surveys
11  with employees on a periodic basis. The Monitor shall ensure Defendants'
12  compliance with Title VII, FEHA and the provisions of this Decree and must
13  work with the EEOC and APALC to ensure compliance. Defendants shall bear
14  all costs associated with the retention of the Monitor and the performance of her
15  duties.

16      Among its duties, the Monitor shall ensure that Defendants shall adopt
17  policies and procedures regarding Equal Employment Opportunity and
18  implement the same at their affiliated facilities that include at a minimum:

19          1.     A strong and clear commitment to a workplace free from
20  discrimination, harassment and retaliation as to all protected classifications under
21  Title VII and FEHA;

22          2.     Defendants will secure the services of an independent agency
23  to assist Defendants in connection with the investigation of any and all
24  complaints of harassment, discrimination or retaliation which Defendants are
25  made aware during the pendency of this Decree. In connection with these
26  investigative services, said agency shall also provide the services of a 24 hour
27  hotline where employees can anonymously report any instances of harassment or
28  discrimination. Upon report of any such instances of harassment or

1 | discrimination said agency shall notify Defendants of said circumstances and
2 | participate in the investigation of said complaint as outlined herein.

3 |      3.    A clear and comprehensive description and examples of
4 | discrimination, harassment and retaliation that can arise within the workplace,
5 | including but not limited to discrimination or harassment based on national origin
6 | or ethnicity;

7 |      4.    A statement encouraging employees to come forward if they
8 | believe that they have been subjected to any form of  discrimination, harassment,
9 | or retaliation under Title VII or FEHA;

10 |      5.    An assurance that Defendants' employment policies regarding
11 | conduct in the workplace are applied equally to all persons regardless of their
12 | protected classification;

13 |      6.    A description of the possible consequences, up to and
14 | including termination, that will be imposed upon violation of Defendants' policy
15 | against discrimination, harassment and retaliation;

16 |      7.    A statement of commitment to maximally feasible
17 | confidentiality for persons who bring complaints of discrimination, harassment or
18 | retaliation;

19 |      8.    An assurance that persons who complain about discrimination
20 | or harassment pertaining to Defendants' employment policies in the workplace
21 | will not be subject to retaliation;

22 |      9.    The contact information including name, address, and
23 | telephone number of internal source (i.e. human resources) and directions on how
24 | to contact external  sources available to handle complaints concerning
25 | discrimination, harassment, and/or retaliation;

26 |      10.    An internal procedure and policy for addressing employee
27 | complaints of discrimination, harassment, and retaliation pertaining to
28 | Defendants' employment policies in the workplace; and,

11. An assurance that Defendants' employment policies and/or the patient bill of rights are not applied in a manner that violates Title VII and FEHA and that managers will be held accountable for ensuring compliance with Title VII and FEHA and will utilize examples in such training.

Defendants have promulgated specific policies on Equal Employment Opportunity and Anti-Harassment and Discrimination.Copies of these policies are attached hereto as Exhibit "C." Defendants will issue the revised Equal Employment Opportunity policy(ies) required by this Decree to all of Defendants' employees and to the affiliated facilities for distribution to employees no later than 120 days from entry of this Decree. Each employee, including all supervisors and managers, shall sign an acknowledgment that they have received and read the policy. The same acknowledgment shall be required of all newly hired employees within thirty (30) days of hire.

In the event that it becomes necessary to select an alternate Monitor to replace the Monitor identified herein, the Defendants shall be entitled to submit the name of a replacement Monitor to the EEOC. Defendants and the EEOC shall engage in good faith discussions about the replacement Monitor nominated by Defendants. In the event that the Defendants and the EEOC cannot reach agreement on the individual nominated by Defendants, the EEOC and Defendants shall each be entitled to submit up to two (2) names of individuals whom they desire to act as the replacement Monitor. The Court shall than be petitioned to select a replacement Monitor from the submitted names. The dispute resolution provisions of Section V shall not apply to this provision for the appointment of an alternate Monitor.

**Reporting**: Within one hundred-eighty (180) days after the Effective Date and every twelve (12) months thereafter for the Decree term, the Monitor shall

1  provide an independently-written report to the EEOC and Plaintiff-Intervenors

2  through APALC containing the following information, based on the Monitor's

3  independent assessments:

4          a.    Whether or not all Defendants have complied with their

5  obligations regarding training as described in this Decree;

6          b.    Whether or not Defendants' Equal Employment

7  Opportunity policies and procedures and Language Policy have been modified

8  and/or rescinded and/or distributed to comply with the provisions herein and to

9  the extent necessary to comply with Title VII and FEHA;

10          c.    Whether or not Defendants' final Equal Employment

11  Opportunity policies and procedures and the Language Policy have been

12  distributed to all employees; and

13          d.    A summary of complaints of employment

14  discrimination, harassment, and/or retaliation the Monitor has received or been

15  made aware of against Defendants or any of Defendants' employees.

16      **E.**    **Revised Language Policy**

17  Defendants have submitted a revised language policy which is attached as

18  Exhibit "D".   Any language policy must comply with Title VII and FEHA.

19  Defendants intend that the Language Policy submitted under this Decree shall

20  remain in force for the term of this Decree unless law or regulations change.

21      **F.**    **Training**

22          **1.**    **Annual Training Topics**

23  Defendants shall revise their current training and information

24  dissemination procedures and practices to include the following: coverage of the

25  subjects of equal employment opportunity rights and responsibilities,

26  discrimination/ harassment, retaliation, and Defendants' revised policies and

27  procedures for reporting and handling complaints of discrimination, harassment

28  and retaliation.

    a. Managers and supervisors:  Defendants shall provide to all managers and supervisors live, interactive equal employment opportunity, diversity, and harassment training, which shall include training on receiving and responding to complaints of discrimination, harassment, and/or retaliation, including but not limited to Defendants' policies and procedures, Title VII and FEHA, as well as training regarding the Language Policy.  Managers and supervisors completing such training will obtain certificates confirming such completion.  Such training will occur on an annual basis (i.e. 3 times) throughout the duration of this Decree.  The Monitor shall provide ten (10) days notice to the EEOC of all trainings that are scheduled and the EEOC may attend the training at their sole discretion.

    b. Non-managerial staff:  Defendants will provide equal employment, diversity, and harassment training and instruction, as well as training and instruction regarding the Language Policy, to all of Defendants' non-managerial staff at least on an annual basis (i.e. 3 times) throughout the duration of this Decree.   Training to all non-managerial staff shall ensure that this group of employees is advised on how to recognize, prevent and report discrimination, harassment, and/or retaliation and understand the scope of their rights, responsibilities, and obligations pursuant to the Language Policy.  Defendants shall also post their training materials for non-managerial staff on the Defendants' internal computer servers to allow reference to such materials by all staff. The Monitor shall provide ten (10) days notice to the EEOC of all trainings that are scheduled and the EEOC may attend the training at their sole discretion.

    c. New employees:  Defendants will provide equal employment opportunity, diversity, and harassment training material as part of Defendants' general orientation process for all new employees, as well as training regarding the Language Policy.  All new employees will be provided training on discrimination, harassment, retaliation, and reporting complaints of

discrimination, harassment, and/or retaliation as well as training regarding the Language Policy within at least 60 days of hire.

### 2.   Notice of Training

Within forty-five (45) days of the training described in Section X, Defendants shall submit to the EEOC and APALC  the training and orientation information described herein, as well as copies of all anticipated training materials.  EEOC and APALC may give input to the Monitor.

## XI.   RECORD KEEPING AND REPORTING

### A.   Record-Keeping

For the duration of the Decree, Defendants shall maintain all records necessary to demonstrate their compliance with this Decree, including but not limited to the documents specifically identified below, and to verify that the reports submitted are accurate.  The records to be maintained shall include:

1.   All documents generated in connection with any complaint of discrimination, harassment, or retaliation for the duration of the Decree, including documents related to the investigation into, or resolution of, each such complaint and the identities of the parties involved;

2.   All forms acknowledging employees' receipt of Defendants' Policy and Procedures regarding equal employment opportunities against discrimination, harassment, retaliation, and language policy;  and

3.   Documents reflecting the provision of equal employment opportunity, diversity, and discrimination, harassment, and retaliation training and materials described in above in Section X(F) herein.

4.   Documents reflecting Human Resources Audits that pertain to potential employment discrimination arising out of the application and/or implementation of Defendants' employment policies.

1    Defendants shall make the aforementioned records available to the EEOC

2  within twenty (20) business days following a written request by the EEOC.

3    **B.**    **Reporting**

4    Within one hundred-eighty (180) days after the Effective Date and every

5  twelve (12) months thereafter for the Decree term, Defendants shall provide a

6  written report to the EEOC containing:

7        1.    Confirmation that all Defendants have complied with their

8  obligations regarding training as described in this Decree;

9        2.    Confirmation that Defendants' Equal Employment

10  Opportunity policies and procedures and the Language Policy have been

11  modified, rescinded and/or distributed to comply with the provisions herein and

12  to the extent necessary to comply with Title VII and FEHA;

13        3.    Confirmation that the final Equal Employment Opportunities

14  policies and procedures and the Language Policy have been distributed to all

15  employees; and

16        4.    A summary of complaints of employment discrimination,

17  harassment, and/or retaliation, against Defendants or any of Defendants'

18  employees.

19        **XII.   COSTS & ATTORNEY'S FEES**

20    All costs associated with executing this Decree shall be paid by Defendants

21  with the exception being that the Asian Pacific American Legal Center shall bear

22  all costs arising from the distribution of settlement funds to Claimants designated

23  to receive any such funds, including without limitation, all costs related to the

24  issuance and mailing of checks and 1099 forms.   Nothing in this Section shall

25  preclude, or in any way affect, APALC's ability to recover its reasonable

26  attorneys' fees, litigation expenses, and costs from the settlement funds specified

27  in Section IX of the Consent Decree which are allocated to the named Plaintiff-

28  Intervenors in this Action.   Except for those funds which may be distributed to

1  APALC from the amounts being paid out in settlement of the current claims of

2  Plaintiff-Intervenors as otherwise addressed herein, each party, including the

3  EEOC, Charging Parties, Plaintiff-Intervenors, Defendants, and their respective

4  attorneys, shall otherwise bear their own costs and attorney's fees.

5  ### XIII.  **MISCELLANEOUS PROVISIONS**

6  During the term of this Consent Decree, Defendants shall provide any

7  potential successor-in-interest with a copy of this Consent Decree within a

8  reasonable time of not less than thirty (30) days prior to the execution of any

9  agreement for acquisition or assumption of control of any or all of Defendants'

10  facilities, or any other material change in corporate and/or management structure,

11  and shall simultaneously inform the EEOC and Plaintiff-Intervenors of the same.

12  During the term of this Consent Decree, Defendants and their successors

13  shall assure that each of their officers, managers and supervisors is aware of any

14  term(s) of this Decree which may be related to his/her job duties.

15  Unless otherwise stated, all notices, reports and correspondence required

16  under this Decree shall be delivered to the attention of the Regional Attorney

17  Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles

18  District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA, 90012, who will

19  forward same to APALC.

20  The Parties agree to entry of this Decree and judgment subject to final

21  approval by the Court.

22  ### XIV.  **SIGNATURES**

23  By their signatures below, the Regional Attorney for the EEOC, the

24  attorneys for Plaintiff-Intervenors, and the respective officers and attorneys of

25  Defendants represent that they have full and complete authority to bind the

26  Parties, their successors and assigns to the terms of this Decree.

27

28

## XV.  **COUNTERPARTS AND FACSIMILE SIGNATURES**

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

Respectfully Submitted,

Dated:  September 12, 2012

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By

Anna Y. Park, Regional Attorney
Attorneys for Plaintiff EEOC

Dated: September 12, 2012

PLAINTIFF-INTEVENORS
BY AND THROUGH THE ASIAN
PACIFIC AMERICAN
LEGAL CENTER

By: _____

Laboni A. Hoq
Litigation Director, Asian Pacific
American Legal Center
Attorneys for Plaintiffs-In- Intervention
DOUGLAS ABDON, et.al.

Dated:  September 12, 2012

DEFENDANTS CENTRAL
CALIFORNIA FOUNDATION FOR
HEALTH D/B/A DELANO
REGIONAL MEDICAL CENTER
AND DELANO HEALTH
ASSOCIATES, INC.

By: _____

William Noble,
Chief Executive Officer for
Defendants

1

2    Dated:  September 12, 2012                    CLIFFORD & BROWN

3

4                                                 By: _____

5                                                     Robert D. Harding
                                                      Attorneys for Defendants
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

The Court hereby finds that compliance with all provisions of the foregoing Decree is fair and adequate.  The Court hereby retains jurisdiction for the term of the foregoing Consent Decree.  Upon agreement of the parties and for good cause established, the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Dated:

_____
Hon. Lawrence J. O'Neill
United States District Court Judge

# EXHIBIT A

# EXHIBIT A

## INDIVIDUAL RELEASE

**_____ __, 2012**

For and in consideration of the monetary and non-monetary relief described in the Consent Decree entered or to be entered in the case of *U.S. Equal Employment Opportunity Commission and Douglas Abdon, et al., v. Central California Foundation for Health d/b/a Delano Regional Medical Center, et al.*, Case No. 1:10-cv-01492-LJO-JLT (Eastern District of California), Plaintiff-Intervenor [NAME] does hereby fully, finally and forever release and discharge Defendants and each and all of their past, present and future affiliates, subsidiaries, affiliated or related companies, insurers, officers, agents, directors, partners, shareholders, supervisors, employees, representatives, and their predecessors, successors, assigns, and transferees, and any and all other persons or companies acting by, through, under or in concert with any of them, (the "Released Parties"), from all claims of whatever nature, demands, actions, causes of action, suits, damages, liabilities, assessments, judgments, costs, losses, debts, obligations, and expenses, of any and every nature whatsoever, arising out of or related in any way to the alleged facts, circumstances and occurrences underlying those allegations of Title VII, California Fair Employment and Housing Act, and other claims under California statutes or common law that were asserted or might have been asserted by or on behalf of Plaintiff-Intervenor [NAME] as set forth in the Complaints on file herein this action up through and including the date of entry of the Consent Decree, including, but not limited to, all claims for race, ethnicity and national origin discrimination and/or harassment, whether known or unknown. This release does not serve to release (1) claims, or potential claims for Workers' Compensation benefits under the California Worker's Compensation Insurance Code; and (2) any claims that Plaintiff-Intervenor [NAME] was retaliated against for participating in this action. This Individual Release shall survive the expiration of the Consent Decree.

This is full and final release applying to all unknown and unanticipated claims or damages arising out of said circumstances identified above as well as to those now known or disclosed, Plaintiff-Intervenor [NAME] waives all rights or benefits which Plaintiff-Intervenor [NAME] now has or in the future may have under the terms of Section 1542 of the Civil Code of the State of California which section reads as follows:

"A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Civil Code Section 1542, if in any way applicable, as well as the provisions of all comparable, equivalent, or similar statutes and principles of common law are hereby and voluntarily waived by Plaintiff-Intervenor [NAME] who acknowledges that this waiver is an essential and material term of this Individual Release.

Nothing in this Individual Release shall be construed to preclude Plaintiff-Intervenor [NAME] from bringing suit to enforce the Consent Decree, as set forth in the Consent Decree. In the event the Court does not enter the Consent Decree, this Individual Release shall be null and void.  [NAME] acknowledges that [he/she] will receive no cash payment unless and until [he/she] signs this Individual Release.

Signed: _____     Date: _____

# EXHIBIT B

# EXHIBIT B

## NOTICE TO ALL EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Central California Foundation for Health d/b/a Delano Regional Medical Center and Delano Health Associates, Inc.* CV 1:10 1492 LJO JLT (E.D. Ca.), settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenors represented by the Asian Pacific American Legal Center, ("APALC").

In their suit, the EEOC and Plaintiff-Intervenors alleged that Central California Foundation for Health d/b/a Delano Regional Medical Center and Delano Health Associates, Inc.. ("DRMC") subjected employees to national origin discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and national origin discrimination, harassment, failure to prevent discrimination and harassment, and unlawful use of a workplace language policy in violation of California's Fair Employment and Housing Act ("FEHA"). DRMC denies the allegations.

To resolve this lawsuit, the parties have entered into a Consent Decree in which DRMC agreed to take several measures to ensure a workplace free of discrimination and harassment including: retention of an outside Equal Employment Opportunity ("EEO") Monitor; implementation of revised EEO, Anti-Harassment and Language Policies; Annual EEO Training; and Periodic Reporting to EEOC.

DRMC is placing its employees on notice that any violations of its policies against discrimination or harassment will be thoroughly investigated. Individuals found to have violated those policies will be subject to discipline up to and including termination of employment. DRMC is committed to complying with federal and state anti-discrimination laws in all respects. It will not tolerate harassment or discrimination based on national origin and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participating in any manner in an investigation of discrimination or harassment.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, pregnancy, and age. If you believe you have been discriminated against, you may contact the EEOC at 2300 Tulare Street, Suite 215, Fresno, California, (559) 487-5793. The EEOC charges no fees and has employees who speak languages other than English.

No action may be taken against you by any employees and management officials (including supervisory employees) of DRMC for: (1) opposing  unlawful discrimination or harassment; (2) testifying, supporting, participating or furnishing information in any investigation, proceeding, hearing, or litigation regarding allegations of discrimination or harassment; (3) being a witness to any discrimination or harassment (4) exercising your rights under federal or state laws prohibiting discrimination or harassment; (5) receiving any monetary or non-monetary relief for exercising your rights under federal or state laws prohibiting discrimination or harassment; or (6) being associated with any employees who have taken any action(s) identified in items 1-5 of this paragraph, or being perceived to be employees who have taken any action(s) identified in items 1-5.  Should any such retaliatory actions be taken against you, you should contact the EEOC.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted until September xx, 2015 and must not be altered, defaced or covered by any other material.


Date:_____                    _____

                                                  Lawrence J. O'Neill

# EXHIBIT C

# EXHIBIT C

## EQUAL EMPLOYMENT OPPORTUNITY

It is the policy of Central California Foundation for Health, which does business as Delano Regional Medical Center ("DRMC" and/or "Hospital"), to provide equal employment opportunities for all applicants and employees.

DRMC does not unlawfully discriminate on the basis of race, color, creed or religion, sex (including pregnancy, childbirth and related medical conditions), national origin, ancestry, age, physical or mental disability, legally protected medical condition, family care status, veteran status, military care status, marital status, domestic partner status, sexual orientation, gender identity, or any other basis protected by state or federal laws. DRMC also makes reasonable accommodations for disabled employees and applicants, and for pregnant employees who request an accommodation for pregnancy, childbirth or related medical conditions.  DRMC also does not unlawfully retaliate against employees who (1) oppose  unlawful discrimination or harassment; (2) testify, support, participate or furnish information in any investigation, proceeding, hearing, or litigation regarding allegations of discrimination or harassment;  (3) are witnesses to any discrimination or harassment (4) exercise their rights under federal and state laws prohibiting discrimination or harassment; (5) receive any monetary or non-monetary relief for exercising their rights under federal and state laws prohibiting discrimination or harassment; or (6) who are associated with any employees who have taken any action(s) identified in items 1-5 of this paragraph, or are perceived to be employees who have taken any action(s) identified in items 1-5..

DRMC expressly prohibits the harassment of and discrimination against any individual based on any of the classifications listed above, as well as retaliation against employees for the reasons stated above. For information about the types of conduct that constitute impermissible harassment, and DRMC's internal procedures for addressing complaints of harassment and discrimination, please refer to DRMC's Policy Against Harassment and Discrimination.

This policy applies to all areas of employment including recruitment, hiring, training, promotion, compensation, benefits, transfer, disciplinary action, and social and recreational programs. It is the responsibility of every manager and employee to conscientiously follow this policy. Managers and employees will be held accountable for ensuring compliance with this policy, as well as federal and state anti-discrimination laws. If you have any questions regarding this policy, you should discuss them with the Human Resources Department.

## POLICY AGAINST HARASSMENT AND DISCRIMINATION

I.    PURPOSE OF POLICY

Central California Foundation for Health, which does business as Delano Regional Medical Center ("DRMC" and/or "Hospital") is committed to providing a workplace free of unlawful harassment and discrimination.  DRMC's employment policies regarding conduct in its workplace are applied equally to all persons regardless of their protected classification.  DRMC's employment policies and the Patient Bill of Rights will not be applied in a manner that violates federal or state laws regarding unlawful discrimination and harassment.  DRMC strongly disapproves of and will not tolerate harassment of employees by managers, supervisors, or co-workers.  Similarly, DRMC will not tolerate harassment by its employees of non-employees with whom DRMC employees have a business, service, or professional relationship. DRMC also will attempt to protect employees from harassment by non-employees in the workplace.

II.   HARASSMENT DEFINED

Unlawful harassment includes sexual harassment (which includes harassment based on gender, gender identity, pregnancy, childbirth, or related medical conditions), as well as harassment based on such factors as race, color, creed, religion, national origin, ancestry, age, physical disability, mental disability, medical condition, marital status, sexual orientation, family care or medical leave status, veteran status, military care status, domestic care status, or any other basis protected by federal or state laws.

Harassment includes verbal, physical, and visual conduct that creates an intimidating, offensive, or hostile working environment or that interferes with an employee's work performance.  Such conduct constitutes harassment when (1) submission to the conduct is made either an explicit or implicit condition of employment; (2) submission to or rejection of the conduct is used as the basis for an employment decision; or (3) the harassment interferes with an employee's work performance or creates an intimidating, hostile, or offensive work environment.

Harassing conduct can take many forms and includes, but is not limited to, the following:  slurs, jokes, statements, gestures, assault, impeding or blocking another's movement or otherwise physically interfering with normal work, pictures, drawings, or cartoons, foul or obscene language, leering, stalking, staring, unwanted or offensive letters, poems or other communications, offensive email or voicemail messages.

Sexually harassing conduct in particular includes all of these prohibited actions, as well as other unwelcome conduct, such as requests for sexual favors, conversation containing sexual comments, and other unwelcome sexual advances.  Sexually harassing conduct can be by a person of either the same or opposite sex. The following is a list of additional examples of the type of conduct that can constitute sexual harassment:

▷   unwanted sexual advances
▷   offering employment benefits in exchange for
     sexual favors
▷   making or threatening reprisals after a
     negative response to sexual advances
▷   visual conduct – leering, making sexual gestures,
     displaying of sexually suggestive objects or
     pictures, cartoons or posters
▷   verbal conduct – making or using derogatory
     comments, epithets, slurs or jokes
▷   verbal sexual advances or propositions
▷   verbal abuse of a sexual nature, graphic verbal
     commentaries about an individual's body, sexually
     degrading words used to describe an individual's
     body, sexually degrading words used to describe
     an individual, suggestive or obscene letters, notes or invitations
▷   physical conduct – touching, assault, impeding or
     blocking movements

If you have any questions about what constitutes harassing behavior, contact the Human Resources Department.

III.   <u>REPORTING AND INVESTIGATING HARASSING CONDUCT</u>

DRMC understands that victims of harassment are often embarrassed and reluctant to report acts of harassment for fear of being blamed, concern about being retaliated against, or because it is difficult to discuss such matters openly with others. However, no employee should have to endure harassing conduct, and DRMC therefore encourages employees to promptly report any incidents of harassment so that corrective action may be taken.

Any incidents of harassment or discrimination, including work-related harassment by any DRMC personnel or any other person, should be reported to the Human Resources Office, your immediate supervisor, your Unit or Department Manager/Director, or any member of the DRMC Executive Management Team. An employee is not required to complain to their immediate supervisor, Unit or Department Manager/Director, or member of the Executive Management Team, if that person is the individual who is harassing the employee, but may instead report the harassment to another Department or Unit Manager/Director, or directly to the Human Resources Department. Employees may contact the Human Resources Department by contacting its Director at Extension 5352 or by dialing 661-721-5352. Supervisors and Managers/Directors who receive complaints of harassment or discrimination, or who observe harassing conduct or discrimination, are required to immediately inform the Human Resources Department, or other appropriate

DRMC official, so that an investigation may be initiated.

While DRMC can best address complaints of harassment, discrimination or retaliation when complaints are lodged directly with our Human Resources office, we also provide a 24 hours anonymous phone service where you can call in a complaint. The contact number for this service is _____. Please note that while you need not provide your identity to utilize this service, specific information about the circumstances of any incidents must be provided in order to allow us to conduct a full and fair investigation of any complaints.

The Human Resources Department is primarily responsible for investigating harassment complaints.  Every reported complaint of harassment will be investigated thoroughly and promptly. The investigation will be handled in as confidential a manner as possible consistent with a full, fair, and proper investigation.

The California Department of Fair Employment and Housing and/or the Federal Equal Employment Opportunity Commission may also investigate and process complaints of harassment and discrimination. Violators are subject to penalties and remedial measures that may include sanctions, fines, injunctions, reinstatement, back pay, and damages. To contact the local office of the Department of Fair Employment and Housing or the Federal Equal Employment Opportunity Commission, you should consult the local telephone directory under State and Federal Government Offices. Direct contact information can also be obtained from posters which are displayed throughout the Hospital's facilities.

Please remember that it is essential that you notify DRMC of any discriminatory or harassing events you may have experienced.  You may be assured that you will not be penalized in any way for reporting a harassment or discrimination problem.  It is unlawful for an employer to retaliate against employees who oppose the practices prohibited by Title VII or the Fair Employment and Housing Act, or file complaints, or otherwise participate in an investigation, proceeding, or hearing conducted by the DFEH or EEOC. Similarly, DRMC prohibits employees from hindering our own internal investigations and our internal complaint procedure.

We cannot help resolve a harassment problem unless we know about it. Therefore, we encourage you to bring this kind of problem to our attention so that we can take the necessary steps to correct the problem.

IV.   CORRECTIVE ACTION

DRMC will not tolerate retaliation against any employee for making a complaint of harassment, discrimination, or for cooperating in an investigation.

DRMC will take corrective action to address discrimination, harassment and retaliation.   Corrective action may include but are not limited to, for example: training, referral to counseling, or disciplinary action ranging from a verbal or written warnings to termination of employment, depending on the circumstances. With regard to acts of harassment by customers or vendors, corrective action will be taken after consultation with the appropriate management personnel.

## EQUAL EMPLOYMENT OPPORTUNITY

It is the policy of Central California Foundation for Health, which does business as Delano Regional Medical Center ("DRMC" and/or "Hospital"), to provide equal employment opportunities for all applicants and employees.

DRMC does not unlawfully discriminate on the basis of race, color, creed or religion, sex (including pregnancy, childbirth and related medical conditions), national origin, ancestry, age, physical or mental disability, legally protected medical condition, family care status, veteran status, military care status, marital status, domestic partner status, sexual orientation, gender identity, or any other basis protected by state or federal laws. DRMC also makes reasonable accommodations for disabled employees and applicants, and for pregnant employees who request an accommodation for pregnancy, childbirth or related medical conditions.  DRMC also does not unlawfully retaliate against employees who (1) oppose  unlawful discrimination or harassment; (2) testify, support, participate or furnish information in any investigation, proceeding, hearing, or litigation regarding allegations of discrimination or harassment;  (3) are witnesses to any discrimination or harassment (4) exercise their rights under federal and state laws prohibiting discrimination or harassment; (5) receive any monetary or non-monetary relief for exercising their rights under federal and state laws prohibiting discrimination or harassment; or (6) who are associated with any employees who have taken any action(s) identified in items 1-5 of this paragraph, or are perceived to be employees who have taken any action(s) identified in items 1-5..

DRMC expressly prohibits the harassment of and discrimination against any individual based on any of the classifications listed above, as well as retaliation against employees for the reasons stated above. For information about the types of conduct that constitute impermissible harassment, and DRMC's internal procedures for addressing complaints of harassment and discrimination, please refer to DRMC's Policy Against Harassment and Discrimination.

This policy applies to all areas of employment including recruitment, hiring, training, promotion, compensation, benefits, transfer, disciplinary action, and social and recreational programs. It is the responsibility of every manager and employee to conscientiously follow this policy. Managers and employees will be held accountable for ensuring compliance with this policy, as well as federal and state anti-discrimination laws. If you have any questions regarding this policy, you should discuss them with the Human Resources Department.

## POLICY AGAINST HARASSMENT AND DISCRIMINATION

I.   PURPOSE OF POLICY

Central California Foundation for Health, which does business as Delano Regional Medical Center ("DRMC" and/or "Hospital") is committed to providing a workplace free of unlawful harassment and discrimination.  DRMC's employment policies regarding conduct in its workplace are applied equally to all persons regardless of their protected classification.  DRMC's employment policies and the Patient Bill of Rights will not be applied in a manner that violates federal or state laws regarding unlawful discrimination and harassment.  DRMC strongly disapproves of and will not tolerate harassment of employees by managers, supervisors, or co-workers.  Similarly, DRMC will not tolerate harassment by its employees of non-employees with whom DRMC employees have a business, service, or professional relationship. DRMC also will attempt to protect employees from harassment by non-employees in the workplace.

II.   HARASSMENT DEFINED

Unlawful harassment includes sexual harassment (which includes harassment based on gender, gender identity, pregnancy, childbirth, or related medical conditions), as well as harassment based on such factors as race, color, creed, religion, national origin, ancestry, age, physical disability, mental disability, medical condition, marital status, sexual orientation, family care or medical leave status, veteran status, military care status, domestic care status, or any other basis protected by federal or state laws.

Harassment includes verbal, physical, and visual conduct that creates an intimidating, offensive, or hostile working environment or that interferes with an employee's work performance.  Such conduct constitutes harassment when (1) submission to the conduct is made either an explicit or implicit condition of employment; (2) submission to or rejection of the conduct is used as the basis for an employment decision; or (3) the harassment interferes with an employee's work performance or creates an intimidating, hostile, or offensive work environment.

Harassing conduct can take many forms and includes, but is not limited to, the following:  slurs, jokes, statements, gestures, assault, impeding or blocking another's movement or otherwise physically interfering with normal work, pictures, drawings, or cartoons, foul or obscene language, leering, stalking, staring, unwanted or offensive letters, poems or other communications, offensive email or voicemail messages.

Sexually harassing conduct in particular includes all of these prohibited actions, as well as other unwelcome conduct, such as requests for sexual favors, conversation containing sexual comments, and other unwelcome sexual advances.  Sexually harassing conduct can be by a person of either the same or opposite sex. The following is a list of additional examples of the type of conduct that can constitute sexual harassment:

▷   unwanted sexual advances
▷   offering employment benefits in exchange for
     sexual favors
▷   making or threatening reprisals after a
     negative response to sexual advances
▷   visual conduct – leering, making sexual gestures,
     displaying of sexually suggestive objects or
     pictures, cartoons or posters
▷   verbal conduct – making or using derogatory
     comments, epithets, slurs or jokes
▷   verbal sexual advances or propositions
▷   verbal abuse of a sexual nature, graphic verbal
     commentaries about an individual's body, sexually
     degrading words used to describe an individual's
     body, sexually degrading words used to describe
     an individual, suggestive or obscene letters, notes or invitations
▷   physical conduct – touching, assault, impeding or
     blocking movements

If you have any questions about what constitutes harassing behavior, contact the Human Resources Department.


III.   REPORTING AND INVESTIGATING HARASSING CONDUCT

DRMC understands that victims of harassment are often embarrassed and reluctant to report acts of harassment for fear of being blamed, concern about being retaliated against, or because it is difficult to discuss such matters openly with others. However, no employee should have to endure harassing conduct, and DRMC therefore encourages employees to promptly report any incidents of harassment so that corrective action may be taken.

Any incidents of harassment or discrimination, including work-related harassment by any DRMC personnel or any other person, should be reported to the Human Resources Office, your immediate supervisor, your Unit or Department Manager/Director, or any member of the DRMC Executive Management Team. An employee is not required to complain to their immediate supervisor, Unit or Department Manager/Director, or member of the Executive Management Team, if that person is the individual who is harassing the employee, but may instead report the harassment to another Department or Unit Manager/Director, or directly to the Human Resources Department. Employees may contact the Human Resources Department by contacting its Director at Extension 5352 or by dialing 661-721-5352. Supervisors and Managers/Directors who receive complaints of harassment or discrimination, or who observe harassing conduct or discrimination, are required to immediately inform the Human Resources Department, or other appropriate

DRMC official, so that an investigation may be initiated.

While DRMC can best address complaints of harassment, discrimination or retaliation when complaints are lodged directly with our Human Resources office, we also provide a 24 hours anonymous phone service where you can call in a complaint. The contact number for this service is _____. Please note that while you need not provide your identity to utilize this service, specific information about the circumstances of any incidents must be provided in order to allow us to conduct a full and fair investigation of any complaints.

The Human Resources Department is primarily responsible for investigating harassment complaints.  Every reported complaint of harassment will be investigated thoroughly and promptly. The investigation will be handled in as confidential a manner as possible consistent with a full, fair, and proper investigation.

The California Department of Fair Employment and Housing and/or the Federal Equal Employment Opportunity Commission may also investigate and process complaints of harassment and discrimination. Violators are subject to penalties and remedial measures that may include sanctions, fines, injunctions, reinstatement, back pay, and damages.  To contact the local office of the Department of Fair Employment and Housing or the Federal Equal Employment Opportunity Commission, you should consult the local telephone directory under State and Federal Government Offices. Direct contact information can also be obtained from posters which are displayed throughout the Hospital's facilities.

Please remember that it is essential that you notify DRMC of any discriminatory or harassing events you may have experienced.  You may be assured that you will not be penalized in any way for reporting a harassment or discrimination problem.  It is unlawful for an employer to retaliate against employees who oppose the practices prohibited by Title VII or the Fair Employment and Housing Act, or file complaints, or otherwise participate in an investigation, proceeding, or hearing conducted by the DFEH or EEOC. Similarly, DRMC prohibits employees from hindering our own internal investigations and our internal complaint procedure.

We cannot help resolve a harassment problem unless we know about it. Therefore, we encourage you to bring this kind of problem to our attention so that we can take the necessary steps to correct the problem.

IV.   CORRECTIVE ACTION

DRMC will not tolerate retaliation against any employee for making a complaint of harassment, discrimination, or for cooperating in an investigation.

DRMC will take corrective action to address discrimination, harassment and retaliation.   Corrective action may include but are not limited to, for example: training, referral to counseling, or disciplinary action ranging from a verbal or written warnings to termination of employment, depending on the circumstances. With regard to acts of harassment by customers or vendors, corrective action will be taken after consultation with the appropriate management personnel.

# EXHIBIT D

# EXHIBIT D

**LANGUAGE POLICY**

Purpose:  The purpose of this policy is to promote DRMC's values of open communication, quality care and service, and respect and cultural sensitivity for the employees and patients of DRMC who come from diverse ethnic, racial, and linguistic backgrounds. DRMC strives to deliver the highest level of quality patient care in a safe, caring and efficient manner.

Consistent with these goals, DRMC believes that patients and employees should expect and receive effective and accurate communication in order to guarantee maximum patient safety and the efficient operation and delivery of services throughout the facility. Further, DRMC promotes diversity in the workplace and recognizes that many employees speak multiple languages. DRMC also recognizes that multilingual employees are an asset in providing care and service to our diverse ethnic and cultural mix of patients and their families. DRMC does not discriminate against employees for their use of any particular language in the workplace and we wish to ensure that employees are treated with respect.

Care must be provided in a manner that affords dignity and respect for the patients.  When providing care, employees should not engage in a conversation of a social nature with each other that does not relate to the care of the patient.  Employees do have the right to communicate with each other in a language of their choice when not engaged in direct communication with, or while providing care or services to a patient.

Definitions:

*Patient Care Team* means all employees who are responsible for the assessment, evaluation, care and treatment of patients.

*Patient Care* means when employees are engaged in the treatment, evaluation, and assessment of patients.

*Policy:*  Each patient has the right to be fully informed of his or her total health status, including his or her medical condition, in a language that he or she understands.  Patient Care Team members will speak to the patient in English or in the language that the patient or patient's representative understands or a translator will be provided.  Employees have the right to communicate with each other in a language of their choice when not engaged in direct communication with, or while providing care or services, to a patient.  When providing care, employees should not engage in a conversation of a social nature with each other that does not relate to the care of the patient.

This policy is not applicable when an employee is on break or off duty and does not apply in break rooms, cafeteria or other areas where staff take personal breaks.  Non-supervisory employees and volunteers are not to attempt to enforce the policy and must comply with DRMC's policy against harassment and discrimination.

*Consequences of Non-Compliance:* As with all hospital policies, any non-compliance with this policy is subject to the same procedures as set forth in DRMC's Disciplinary Procedures Policy, beginning with verbal coaching and counseling.